Gene Clifton TAYLOR, Petitioner,

v.

STATE OF VIRGINIA et al.,
Respondents.

Civ. A. No. 73-C-1-R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Feb. 2, 1973.

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court in the form of a "Motion to Dismiss Detainers and All Pending Charges Pursuant to Writ of Habeas Corpus," filed *in forma pauperis* by Gene Clifton Taylor, a federal prisoner, pursuant to 28 U.S.C. § 2241. The motion was filed in this court on January 2, 1973.

Petitioner is currently serving a sentence in the Federal Medical Center, Springfield, Missouri, pursuant to a judgment of the Southern District of West Virginia, imposed on July 18, 1972 for fraud by wire and telephone.

■ Petitioner has not exhausted his available state remedies in compliance with the provisions of 28 U.S.C.A. § 2254. Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963); Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963). However, due to his incarceration in a federal hospital in Missouri and his lack of contact with the state courts of Virginia and the unique nature of his claim, the court will hear his petition on the merits.

■ Petitioner contends that he was arrested in Florida on December 22, 1971 and charged with fraud by wire and telephone. He subsequently was removed to West Virginia to stand trial. On February 6, 1972, he was transferred to the Medical Center for Federal Prisoners in Springfield, Missouri.

On June 17, 1972, he was returned to West Virginia to stand trial and was subsequently convicted in the District Court on July 18, 1972. He returned to the Federal Medical Center at Springfield, Missouri on August 4, 1972.

Continuing throughout this period, there were four detainers pending in Pulaski County, Virginia.

Petitioner states that he attempted to initiate action on the detainers by means of letters to county and state officials, but no action was taken either to bring him to trial or to dismiss the said detainers.

Petitioner alleges that this failure to prosecute has resulted in violation of his constitutional right to a fair and speedy trial and he moves for dismissal of the charges against him.

Respondent seeks to dismiss for failure to exhaust available state remedies. He further encloses as an exhibit a letter, dated January 11, 1973, from A. Dow Owens, Commonwealth's Attorney of Pulaski County, who states "I do not intend to prosecute the detainers filed against Mr. Gene Clifton Taylor."

This court relies upon Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed. 2d 26 (1970), as authority for a prisoner's right to a speedy trial. There, a federal prisoner sought unsuccessfully for seven years to have a state charge against him prosecuted. During that time two witnesses died, another became unavailable and police records were lost or destroyed.

Speaking to the issue, the court said:

The right to a speedy trial is not a theoretical or abstract right but one rooted in hard reality in the need to have charges promptly exposed. If the case for the prosecution calls on the accused to meet charges rather than rest on the infirmities of the prosecution's case, as is the defendant's right, the time to meet them is when the case is fresh. Stale claims have never been favored by the law, and far less so in criminal cases. Although a great many accused persons seek to put off the confrontation as long as possible, the right to a prompt inquiry into criminal charges is fundamental and the duty of the charging authority is to provide a prompt trial. This is brought sharply into focus when, as here, the accused presses for an early confrontation with his accusers and with the State. Crowded dockets, the lack of judges or lawyers, and other factors no doubt make some delays inevitable. Here, however, no valid reason for the delay existed; it was exclusively for the convenience of the State. On this record the delay with its consequent prejudice is intolerable as a matter of fact and impermissible as a matter of law. Dickey v. Florida, supra, at 37 and 38, 90 S.Ct. at 1568.

While the court in this instance is not faced with a seven year delay, nor does it know if witnesses have died or records have been lost, petitioner has been prejudiced by the delay in prosecution of over a year, in spite of his repeated efforts to bring the case to trial. While the action of the prosecuting attorney of Pulaski County not to prosecute the detainers makes the issue moot, the court believes the delay was too great and without good cause.

Accordingly, it is ordered that the four charges filed against the petitioner in the Pulaski County Court be dismissed.